Battle, J.
 

 W e differ from his Honor in the opinion which he expressed, that, in a certain view presented by the testimony, the defendant was liable to the plaintiff’s action for the price of his tobacco. The contract between- the parties, as proved by the witness Hudson, was, that the defendant agreed to take a draft instead of money from P. L. Watkins & Son, of Danville, Va., to whom the plaintiff had delivered his tobacco, and give the plaintiff credit for it on a bond which he, the defendant, held against him as the price of a certain tract of land theretofore sold to him. Had the draft been delivered to, and received by, the defendant, then, we think, the defendant might have been liable for not collecting the money before P. L. Watkins & Son became insolvent. But he
 
 did not promise that he would proawre the
 
 draft, which, if he had, would have been a very different thing from an agreement merely to receive it. In the latter case, it was the duty of the plaintiff to see that the draft was delivered to him; for until then his responsibility for it did not commence: nor can it be said it was the defendant’s fault that the draft was not handed to him. The excuse for the omission to do so, given by the agent of P. L. Watkins & Son, was not on account of any agreement made by the defendant to make, the payment of the plaintiff’s tobacco dependant on that of his own. The excuse was a frivolous one, not at all creditable to those who made it; but its effect must fall on the plaintiff, who was bound to procure the draft, and not on the defendant who was only bound to receive it, Such having been the contract between
 
 *199
 
 the parties, it was not varied by the defendant, in calling for the tobacco receipts, as he might very well have wished to see" them, to know how much he would be entitled to receive on them either in money or in a draft.
 

 The view which we have taken of this case seems to be sustained by the fact that, when the parties rescinded the contract for the sale of the land, and the defendant returned to the plaintiff his bond, and repaid what had been advanced upon it, nothing was said by either of them about the tobacco. Thinking, as we do, that his Honor submitted it to the jury to find a contract between the parties, which there was no evidence to establish, we must pronounce the judgment to be erroneous, and grant a
 
 renirre de novo.
 

 Per Curiam.
 

 Judgment reversed.